(54 App. Div. 196.)

### EHRENREICH v. FROMENT.

(Supreme Court, Appellate Division, First Department. November 9, 1900.)

ADJOINING LANDOWNERS—WALLS—INJUNCTION.

    Where, on a motion to continue a temporary injunction restraining defendant from interfering with the wall of plaintiff's house, it appeared that the boundary was in dispute, and there was a contest as to acts of acquiescence by defendant, and that the damages to defendant by a continuance of the injunction would greatly exceed the damages its vacation would cause plaintiff pending the suit, the continuance was properly denied.

Appeal from special term, New York county.

Bill by Hannah Ehrenreich against Frank L. Froment. From an order denying a motion to continue a temporary injunction, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Andrew F. Murray, for appellant.

David B. Ogden, for respondent.

PER CURIAM. This appeal is from an order denying a motion to continue a temporary injunction to restrain the defendant, an owner of real estate adjoining the plaintiff's premises, from interfering with the front wall of the plaintiff's house while making alterations on the building erected on his own land. In view of the nature of the contest between these parties, the doubt existing concerning the true boundary line of their respective properties, and the conflict concerning acquiescence in the acts of the defendant which are made the basis of the plaintiff's cause of action, we think their rights should not be determined upon affidavits, but only after a full trial of the cause. It may be said, in addition, that it is quite plain that the reinstatement of the temporary injunction vacated by the order appealed from would cause vastly more injury to the defendant than benefit to the plaintiff, and under such circumstances, and in such a case, the general rule referred to in Brower v. Williams, 44 App. Div. 340, 60 N. Y. Supp. 716, applies. In reaching this conclusion we wish it to be distinctly understood that we express no opinion whatever respecting the merits of the case, either as to the disputed questions of fact or the propositions of law involved in the action. The order should be affirmed, with $10 costs and disbursements.